WHIPPLE, C.J.,
concurring.
The crucial issue herein is whether Mr. Felton could tack his possession on to that of his deceased parents for purposes of acquisitive prescription when a succession has not been opened and a judgment of possession has not been rendered. While the majority correctly relies on and discusses prior jurisprudence, I believe that this issue can be resolved under the clear and unambiguous language of LSA-C.C. art. 936, as enacted by Acts 1997, No. 1421 § 1, eff. July 1,1999, which provides:
The possession of the decedent is transferred to his successors, whether testate or intestate, and if testate, whether particular, general, or universal legatees. A universal successor continues the possession of the decedent with all its advantages and defects, and with no alteration in the nature of the possession. A particular successor may commence a new possession for purposes of acquisitive prescription.
This article recognizes that all successors have rights that vest at the moment of death of the decedent. LSA-C.C. art. 936, Revision Commeni>-1997(b). Moreover, the clear language of the first paragraph of LSA-C.C. art. 936 provides that a decedent’s possession is transferred at the moment of death to his successors, whether testate or intestate, and if testate, whether particular, general, or universal legatees.[1] Therefore, unless there is some reason that this article should not apply, pursuant to the clear language of LSA-C.C. art. 936, *449 Mr, Felton was able to continue the possession of his parents, he., the decedents, for purposes of acquisitive prescription even in the absence of the opening of a succession and a judgment of possession.
Accordingly, I concur in the result reached by the majority, as I would affirm the decision of the trial court on the basis of LSA-C.C. art. 936.